*1186 OPINION.
Teussell :
Section 303 of the Revenue Act of 1918 provides:
That if part of the net income of a corporation is derived (1) from a trade or business (or a branch of a trade or business) in which the employment of capital is necessary, and (2) a part (constituting not less than 30 per centum of its total net income) is derived from a separate trade or business (or a distinctly separate branch of the trade or business) which if constituting the sole trade or business would bring it within the class of “ personal service corporations,” then (under regulations prescribed by the Commissioner with the approval of the Secretary) the tax upon the first part of such net income shall be separately computed (allowing in such computation only the same proportionate part of the credits authorized in sections 311 and 312), and the tax upon the second part shall be the same percentage thereof as the tax so computed up on the first part is of such first part: Provided, That the tax upon such second part shall in no case be less than 20 per centum thereof, unless the tax upon the entire net income, if computed without benefit of this section," would constitute less than 20 per centum of such entire net income, in which event the tax shall be determined upon the entire net income, without reference to this section, as other taxes are determined under this title. The total tax computed under this section shall be subject to the limitations provided in section 302.
The record in this proceeding establishes that the undertaking department was not during the fiscal year ending May 31, 1920, a distinctly separate branch of the business, but rather that the two departments combined were operated as one business enterprise. The fixed assets were used in both departments in such a manner that a *1187 true segregation was impracticable and upon the evidence the arbitrary segregation is not acceptable.
However, aside from the bookkeeping records of petitioner’s business, we are satisfied from the record that the two departments were conducted in close relation to one another and as one business. There were some inter-department transactions such as the sale of caskets by the wholesale department to the undertaking department, but the record is not clear as to just what transpired. The record is clear that funerals were sold by the undertaking department at lump-sum prices, clients were taken to the showroom where they made their selections of caskets, on which no prices were quoted if it could be avoided, and the total price per funeral was fixed according to the expensiveness of the casket and after the net profit was determined it was distributed by some method not shown. The two departments were not distinctly separate as required by the above quoted section of the Act.
Petitioner has introduced testimony to the effect that undertaking establishments may be conducted without the use of invested capital and without owning its own building, hearses, etc., by simply renting or hiring such equipment, but this petitioner did actually have and used in its undertaking department valuable fixed assets representing invested and borrowed capital which were material factors in producing its income from both departments. Also, not all of its principal stockholders were actively engaged in petitioner’s business as required by section 200 of the Revenue Act of 1918 for personal service classification.
We are thus brought to the conclusion that the undertaking department was not during the year in question a distinctly separate branch of petitioner’s business and is not entitled to personal service classification, thát petitioner is not entitled to have its income-tax liability computed in accordance with the provisions of section 303 of the Revenue Act of 1918, and respondent must be sustained. See H. F. Suhr & Co. v. Commissioner, 5 B. T. A. 95.

Judgment 'mill he entered for the respondent.

Considered by Littleton, Smith, and Lorn